Bartley, J.
Although the humane provisions of the law exempting certain articles of necessity from execution for the payment of debts may be entitled to a liberal construction, the settled principles which govern the rights of private property are not to be overlooked. The owner of the chattels exempted from execution is not divested of the right of disposing of the property himself, either by sale or by pledge in security for the payment of his debts. And in case of a pledge or chattel mortgage, the owner clearly waives the benefit of the exemption, so far as the incumbrance extends or is operative. It appears in this case, that this debt remained unpaid, and that, by the express terms of the mortgage, not only the right of property, but also the right of possession in the property in controversy, except as to one article, passed to the mortgagees after the maturity of the note. The creditors had an undoubted right to take possession of the property under their mortgage and dispose of it for the payment of their debt, leaving the plaintiff divested of all rights, except that which would depend on the contingency of an overplus after the payment of the debt. But it appears that the creditors chose to reduce their debt to judgment, and then, through their agent, the defendant Birchard, to turn this property out to the ^constable on execu- [273 tion. This could not have furnished the plaintiff in error any substantial ground for very serious complaint. But if any legal objection did exist to the form adopted by the creditors for the dis *274 position of the property for the satisfaction of their debt, it did not furnish ground for an action of trespass, which is founded on an injury to a person in his right of possession in his property. By virtue of the chattel mortgage, both the right of possession and the' right of property in ail the chattels, excepting one, had passed to the mortgagees; and if they deemed it proper, through their agent, to take possession of the property and have it sold under the authority of an execution, no wrong was done the plaintiff in his right of possession for which he could sustain an action of trespass.
But it is urged, with much force and ingenuity, by the counsel for the plaintiff, that the seizure and sale, on execution, of one of the chattels, consisting of an ox-yoke, with its appendages, which was not covered by the mortgage, sustained the action; and that the court of common pleas erred in the charge to the jury in reference to this article. The statute authorizes a person of a family, “ if he be engaged at the time in the business of agriculture, to select one work-horse, or mare, or one yoke of work-oxen, with the necessary gearing for the same,” which he may hold exempt from execution or sale for debt. Swan’s Rev. Stat. 710. We are saved the necessity of considering the. question whether the “ necessary gearing” could be held exempt from execution when the debtor had parted with the oxen, by the fact that it does not appear in this case that the plaintiff had laid any foundation, by proof, for his right to the benefit of the exemption, as to this article, which, by the terms of the law, depended on his selection of it, as necessary for carrying on his business of agriculture. There are certain enumerated articles which are absolutely exempted from execution, and which the officer is bound, at his peril, to notice, and not take on execution, unless turned out to him by the debtor waiving his 274] right to the exemption. But there are other ^articles, including that now in question, the exemption of which from execution,' by the terms of the law, depends on the selection to be made by the debtor at the time of the levy, if he be present; but if not present, he should make the selection, and notify the officer of the same, within a reasonable time thereafter, and before the sale. Without such selection, the right to the benefit of the exemption does not exist as to those articles which the statute authorizes the debtor to select, and when no such selection has been made, it is the duty of the officer to proceed to levy on and sell the property. The plaintiff, therefore, having failed to show that he had selected this article to *275 be held as necessary to his business, failed to establish his right to the exemption, and, consequently, his right to maintain an action for the taking and sale of the article on execution.
The judgment of the court below is affirmed.